UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Frederick J. Calatrello, | ) | CASE NO. 1: 11 CV 1746 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Rite Aid of Ohio, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

Before the Court is the Petition of Frederick J. Calatrello, Regional Director of Region 8 of the National Labor Relations Board (hereinafter "petitioner" or "the Board") seeking an injunction pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)] (hereinafter "the Act") (Doc 1).  Petitioner seeks to enjoin Respondent Rite Aid of Ohio, Inc. (hereinafter "Rite Aid") from maintaining state court lawsuits pending final disposition of an unfair labor practice Complaint issued by the Board against Rite Aid.  The matter has been fully briefed and is ready for decision.  The petition is granted for the reasons stated below.

### Background

Rite Aid is a corporation with offices and places of business in Cleveland, Ohio engaged in the retail sale of prescriptions and over-the-counter medications and related

products.  United Food and Commercial Workers Union, Local 880 (the Union) represents a unit of approximately 200 cashiers, pharmacy technicians, and shift supervisors employed at six Rite Aid stores in three counties – Cuyahoga, Lake, and Lorain – located in and around Cleveland.

On or about March 14, 2011, after Rite Aid and the Union were unable to reach a collective bargaining agreement, the Union called an economic strike at six of Rite Aid's stores.[1]  Since about March 14, 2011, striking employees have been picketing and handbilling at these six Rite Aid stores.

On March 17, 2011, Rite Aid sought state court injunctions prohibiting the strikers from entering private property – including the store entrances and parking lots – at five of the stores where Rite Aid controls the outdoor spaces.[2]  Rite Aid filed three lawsuits, one in each of Lake, Lorain, and Cuyahoga Counties, against the Union, its officers, and other John Doe defendants.[3]  The lawsuits seek to enjoin defendants from trespassory picketing and handbilling, blocking of ingress and egress, and making intimidating and harassing comments at Rite Aid's stores.

---

[1] The stores are located in Cleveland (2323 Broadview Road), Lorain (2709 Broadway and 2853 Grove Ave.), Painesville (180 North State Street), Parma (5795 State Road), and University Heights (13470 Cedar Road).

[2] Rite Aid did not file an action seeking injunctive relief at the University Heights store because Rite Aid did not have sufficient property rights to control the outdoor spaces at that location.

[3] The state court actions are:  (1) Case No. CV-11-751332 before Judge Corrigan in the Cuyahoga County Court of Common Pleas; (2) Case No. CV-11-171393 before Judge Zaleski in the Lorain County Court of Common Pleas; and (3) Case No. CV-11-692 before Judge Collins in the Lake County Court of Common Pleas.

On April 15, 2011, the Lake County Court of Common Pleas issued a preliminary injunction ordering:  (1) no picketing and handbilling within 25 feet of the buildings housing Rite Aid's stores within Lake County; (2) no more than two employee pickets permitted to picket and handbill between Rite Aid's property lines and 25 feet from its buildings; (3) no trespassing by non-employee union members; (4) no blocking of ingress and egress to Rite Aid's stores; and (5) no directing intimidating and harassing comments to Rite Aid's employees, customers, and suppliers.

On March 18, 2011, the Lorain County Court of Common Pleas entered a temporary restraining order as requested by Rite Aid, enjoining defendants from trespassory picketing and handbilling, blocking of ingress and egress, and making intimidating and harassing comments at Rite Aid's stores in Lorain County.  On April 15, 2011, the Lorain County court conducted a hearing on Rite Aid's motion for a Preliminary Injunction.  On May 17, 2011, the Magistrate Judge issued a Report and Recommendation recommending that a Preliminary Injunction issue as requested by Rite Aid, which would prevent the same conduct as enjoined by the TRO.

The Cuyahoga County Court of Common Pleas declined Rite Aid's request for a TRO but scheduled a hearing on its request for a preliminary injunction.  The hearing took place on April 14, 2011.  The Cuyahoga Court of Common Pleas has yet to issue a decision as to the requested injunctive relief.

On June 13, 2011, petitioner issued an unfair labor practice complaint (Complaint or NLRB Complaint) alleging that Rite Aid violated Section 8(a)(1) of the Act by denying off-duty striking employees access to the outside premises of the stores where they are employed

to picket and handbill. On or about June 14, 2011, petitioner sent a letter to Rite Aid stating that, as a result of the issuance of the NLRB Complaint, the state court actions filed by Rite Aid were preempted until such time as the Board holds that store employees did not have the right to engage in picketing and handbilling activities on store premises. The letter further advised Rite Aid that Rite Aid could not actively pursue the state court actions, and had seven days to seek a stay of the actions, to the extent the actions would preclude employees from engaging in lawful picketing and handbilling on the outside premises of the stores where they are employed. The letter advised that if Rite Aid did not comply with the letter's request, Rite Aid might be subject to additional liability under Section 8(a)(1) of the Act.

Rite Aid conceded that the issuance of the NLRB Complaint preempted Rite Aid's state court actions to the extent the actions seek to enjoin peaceful trespassory picketing by employees. However, in response to petitioner's letter, Rite Aid took the position that it retained the right to pursue the state court actions to the extent they seek to enjoin conduct by employees and non-employees not protected or prohibited under the Act. Rite Aid did not seek to stay the state court actions. Instead, after receiving petitioner's letter notifying it of the NLRB Complaint, Rite Aid filed motions for "clarification" in each of the state court cases. In its motions, Rite Aid acknowledged that the issuance of the NLRB Complaint preempted the state courts from enjoining the conduct alleged to have violated the Act (*i.e.*, peaceful trespassory picketing and handbilling by striking employees), but maintained that the state courts should continue to retain jurisdiction over the state court actions to the extent they pertained to misconduct not covered by the Act, including conduct of employees and non-employees in blocking store entrances and harassing customers.

The Union filed motions seeking to have the temporary injunctions dissolved in the state courts.

On August 2, 2011, the Lake County Court of Common Pleas withdrew its injunction as against Rite Aid employees.[4]  The court found "that its jurisdiction over the allegations concerning Rite Aid employees picketing and handbilling on the outside premises of the Painesville Rite Aid Store is preempted by the action of the General Counsel of the NLRB."  The court further found that "the picketing and handbilling of Rite Aid's Painesville store has been peaceful," and that "[t]here has been no significant evidence of violent or disruptive picketing or the use of intimidating or harassing conduct against citizens or Rite Aid customers that would justify retaining jurisdiction."  (Resp. Exh. 9.)  On August 31, 2011, the Lorain County Court of Common Pleas dismissed Rite Aid's action in its entirety.  (Resp. Exh. 24.)  The court found the state lawsuit was preempted as the issues presented in the lawsuit were "fundamentally the same" as the issue covered in the NLRB Complaint.  The Cuyahoga County Court of Common Pleas took no action with respect to Rite Aid's motion for clarification.  Rite Aid's request for preliminary and permanent injunctive relief, Rite Aid's motion for clarification, and the Union's motion to dismiss, all remain pending in the Cuyahoga County Court of Common Pleas.

The unfair labor practice hearing was scheduled to begin before an Administrative Law Judge on October 3, 2011.

**Standard of Review**

---

[4] The Lake Court ordered permanent injunctive relief, however, as against non-employee union members.

The merits of unfair labor practice charges are to be determined by the National Labor Relations Board, subject to review by the appropriate appellate court. *Schaub v. Detroit Newspaper Agency*, 984 F. Supp. 1048, 1051 (E.D. Mich. 1997). "But because administrative review can be slow, Congress provided the Board in § 10(j) of the Act with the ability to petition a district court to enjoin alleged unfair labor practices pending Board review of the substantive evidence of those practices." *Calatrello v. "Automatic" Sprinkler Corp. of America*, 55 F.3d 208, 212 (6th Cir. 1995). Section 10(j) bestows upon the district court "jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper." 29 U.S.C. § 160(j).[5]

In the Sixth Circuit, to issue a § 10(j) injunction pending the NLRB's determination of unfair labor charges, the district court must make two findings. First, the court must find there is "reasonable cause" to believe that an alleged unfair labor practice has occurred. If such reasonable cause exists, the court must make also make a finding that injunctive relief is "just and proper." *Schaub v. West Michigan Plumbing & Heating, Inc.*, 250 F.3d 962, 969 (6th Cir. 2001). The petitioning regional director has the burden of demonstrating both

---

[5]More fully, Section 10(j), 29 U.S.C. §160(j), provides:

> The Board shall have power, upon issuance of a complaint as provided in subsection(b) charging that any person has engaged or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.

circumstances.  *Schaub v, Detroit Newspaper Agency,* 984 F. Supp. at 1052.

The burden of establishing reasonable cause is "relatively insubstantial."  *Schaub v. West Michigan Plumbing & Heating, Inc.*, 250 F.3d at 969.  The director "need not prove a violation of the NLRA nor even convince the district court of the validity of the Board's theory of liability; instead, he need only show that the Board's legal 'theory is substantial and not frivolous.'"  *Id.*  Further, as long as some facts exist which could support the Board's theory of liability, conflicting evidence does not preclude a finding of reasonable cause.  *See id.* ("An important point to remember . . . is that the district judge need not resolve conflicting evidence between the parties. . . . Rather, so long as facts exist which could support the Board's theory of liability, the district court's findings cannot be clearly erroneous.")  The district court's decision as to reasonable cause is reviewed only for clear error.  *Id*.

The "just and proper" determination is committed to the discretion of the district court. The Sixth Circuit has explained that Congress allowed for § 10(j) injunctions because in some cases the enforcement of a Board order after the Board's normal processes is ineffective to undo the effects of unfair labor practices.  Therefore, the primary concern under the just and proper inquiry is whether "it is in the public interest to grant the injunction, so as to effectuate the policies of the National Labor Relations Act or to fulfill the remedial function of the Board."  *Id*. at 970 (quoting *Fleischut v. Nixon Detroit Diesel, Inc.*, 859 F.2d 26, 30 (6th Cir. 1988)).  Stated differently, "[i]nterim relief is warranted whenever the circumstances of the case create reasonable apprehension that the efficacy of the Board's final order may by nullified, or the administrative procedures will be rendered meaningless."

*Sheeran v. American Commercial Lines, Inc.*, 683 F.2d 970, 979 (6th Cir. 1982).

**Discussion**

Petitioner contends the legal standards for a 10(j) injunction are satisfied here. First, petitioner contends there is reasonable cause to believe that Rite Aid has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a)(1) of the Act. Specifically, petitioner contends that Rite Aid has violated Section 8(a)(1) of the Act by filing and maintaining preempted state court lawsuits that enjoin employees' rights under Section 7 of the Act. (Pet. Br. at 4.)[6]

Petitioner contends that Rite Aid's lawsuits violate Section 7 rights by interfering with the ability of Rite Aid employees to picket and handbill on Rite Aid property. According to petitioner, the Board found in *Tri-County Medical Center*, 222 NLRB 1089 (1976) that "there are no business reasons to justify denying off-duty striking employees access to the outside areas of the stores at which they are employed to picket and handbill at store entrances." (Pet. Br. at 8-9.) Further, petitioner argues that, pursuant to the Board's decision in *Loehmann's Plaza*, 305 NLRB 663 (1991), Rite Aid's lawsuits are preempted by the Board's issuance of the NLRB Complaint and Rite Aid has violated Section 8(a)(1) of the Act in actively pursuing the state court lawsuits after receiving petitioner's letter advising it of the NLRB Complaint and demanding that the preempted lawsuits be stayed or dismissed.

---

[6]

Section 8(a)(1) of the Act provides: "It shall be an unfair labor practice for an employer – (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Section [7]." 29 U.S.C. § 158(a)(1). Section 7 provides: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . " 29 U.S.C. § 157.

8

Petitioner contends injunctive relief is "just and proper" under these circumstances, asserting:

> If the state court lawsuits are allowed to continue and the handbilling and picketing is limited or permanently enjoined, the Union will be deprived of utilizing a lawful economic avenue to protect the employees' Section 7 rights. [Rite Aid] thereby gains an undue advantage for each day the Union is precluded from lawfully communicating its side of the Parties' dispute, which is an advantage that cannot be remedied by a Board order in due course.  By contrast, a temporary stay of the lawsuits would cause little or no harm to [Rite Aid] because it could resume the state court lawsuits if the Board ultimately concludes that conduct of the striking employees is not protected.

(Pet. Br. at 10.)

Rite Aid disputes that the requirements for an 10(j) injunction are satisfied here and urges the Court to deny the Petition and dismiss the case.

Rite Aid contends petitioner cannot establish reasonable cause to believe that the Act has been violated.  Rite Aid contends that the interpretation of Section 7 urged by petitioner – that employees who are engaged in a primary strike have a presumptive right under Section 7 to engage in peaceful trespassory picketing on the employer's property – has never been adopted by the Board or the courts.  Rather, Rite Aid argues "[w]ith limited exceptions that are not applicable here, the right of any employer under state trespass law to bar striking employees from property that it owns or controls has long been held superior to and to trump employee access rights under Section 7."  (Resp. Opp. at 1.)  Rite Aid contends *Tri-County Medical Center* is inapposite; rather, "the weight of authority establishes that the test used to evaluate whether employee-pickets have a right to engage in trespassory picketing and handbilling must be based on [a balancing test derived from *NLRB v. Babcock & Wilcox*, 351 U.S. 105 (1956)] (which would require Petitioner to analyze access to public property in the

9

vicinity of the stores and the employees' effective ability to communicate.)" (Resp. Opp. at 19.)

Rite Aid also disputes that its continued pursuit of its state court actions after issuance of the NLRB Complaint violates the Act because Rite Aid never disputed that the issuance of the Complaint preempted its state court actions to the extent the actions seek to enjoin peaceful picketing and handbilling by employees. But Rite Aid maintains the NLRB Complaint did not bar Rite Aid from pursuing the state court actions to the extent the actions seek to enjoin activity "by employees and non-employees that is not arguably prohibited under the Act," specifically, trespass by non-employees, and conduct of employees and non-employees in blocking ingress to and egress from its stores and verbally harassing and intimidating store customers. (Resp. Opp. at 2, 13.) Rite Aid contends that the state court injunctions "remain[] appropriate as to non-employees, based upon their status as such, and as to employees, not based upon the trespassory nature of their conduct, but because their conduct otherwise violates Ohio law." (*Id.* at 20.)

Finally, Rite Aid contends injunctive relief is not "just and proper" because petitioner's asserted need for an injunction has now been rendered moot. Rite Aid contends the "desired status quo is already in place" because no injunctions currently exist in any of the state cases, and striking employees are currently "free to engage in trespassory picketing at all five stores, completely unencumbered by any injunctions, whatsoever." (*Id.* at 21-22). Rite Aid notes that the Lake County Court of Common Pleas modified its injunction to eliminate all restrictions against employees, the Lorain County Court of Common Pleas has dismissed Rite Aid's lawsuit entirely, and no action has yet been taken in connection with the injunction

10

action filed in the Cuyahoga County Court of Common Pleas.

Petitioner states that it is no longer seeking injunctive relief as to the Lake County lawsuit in that Rite Aid did not appeal the Lake County Court's decision withdrawing its preliminary injunction as to employees.  However, petitioner contends its Petition is not moot as to the Lorain and Cuyahoga County lawsuits because Rite Aid "is still pursuing" those actions "and could yet obtain state court orders enjoining the striking employees."  (Pet. Rep. at 2.)  Petitioner asserts that the Cuyahoga County state court action would be moot "only if the action was stayed with respect to employees' access to [Rite Aid's] property to engage in peaceful Section 7 activity of picketing and handbilling."  (Pet. Rep. at 10.)  Likewise, the Lorain County action would be moot "only if there were no available avenue for [Rite Aid] to continue [to pursue] the state court injunction with respect to these same employee rights." (Id. at 11.)  The dockets of the Lorain and Cuyahoga courts indicate that neither of these circumstances exist.[7]

Petitioner's request for injunctive relief under §10(j) is granted to the extent petitioner seeks to enjoin Rite Aid from pursuing the state injunction actions against employees.[8]  As

---

[7]

The docket of the Lorain County Court of Common Pleas indicates that Rite Aid has appealed the court's dismissal of the injunction action filed in Lorain County.  The docket of the Cuyahoga County Court of Common Pleas indicates that Rite Aid's action for preliminary and permanent injunctive relief remains pending before Judge Corrigan and is ready for decision.

[8]

Petitioner has not been entirely clear about whether it seeks to enjoin the state court injunction actions insofar as they are alleged against non-employees.  Petitioner does not respond to Rite Aid's arguments as to non-employees and does not argue or demonstrate that Rite Aid may not regulate the activities of non-employees on its property.  The prayer for relief in the Petition appears to seek an order barring Rite Aid from prosecuting or participating in the state court injunctions actions in their entirety.  (*See* Petition, ¶15(1)(a).)

petitioner points out, in order to issue a §10(j) injunction, this Court need not make a merits determination but must simply find that petitioner has satisfied the relatively insubstantial burden of demonstrating reasonable cause to believe that a violation of the Act has occurred. Petitioner has met this burden. Petitioner contends Rite Aid's state injunction actions against employees violate the Act by denying striking employees access to Rite Aid property to exercise Section 7 rights. The Board held in *Tri-County Medical* that an employer violated the Act in denying an off-duty employee access to its parking lot to engage in Section 7 activity. The Board held that the employer could promulgate a rule restricting the access of off-duty employees to its property, but the Board held that "except where justified by business reasons, a rule which denies off-duty employees entry to parking lots, gates, and other outside non-working areas will be found to be invalid." *Tri-County Medical*, 222 NLRB at 1089. Rite Aid attempts to distinguish *Tri-County* and argues that *Tri-County* does not establish the proper standard for determining trespassory rights of striking employees; instead, Rite Aid contends a balancing test as established in *Babcock & Wilcox* applies. However, the Court's role in determining this §10(j) petition is not to make a definitive determination of federal labor law in this area or whether a violation has actually occurred.[9] Rather, this Court must

---

However, petitioner states in its brief that it seeks only the "narrow and targeted relief set forth in its Petition" consistent with its June 14, 2011 letter to Rite Aid. (Pet. Rep. at 6.) Petitioner's June 14th letter demands that Rite Aid seek to stay the state court actions to the extent the actions "would preclude employees from engaging in lawful picketing and handbilling on the outside premises of the stores where they are employed." Given this demand and that petitioner has not argued or demonstrated that the state injunction actions against non-employees violate the Act or are preempted by the NLRB Complaint, the injunctive relief awarded here pertains only to the state court actions insofar as they are brought against employees.

[9] These determinations are within the province of the Board.

determine whether there is "reasonable cause" to believe a violation has occurred. *Tri-County* is at least sufficient to demonstrate that petitioner's theory of liability (*i.e.*, that Rite Aid's state injunction actions have prevented and interfered with Section 7 rights of striking employees) "is substantial and not frivolous." Accordingly, reasonable cause exists to suggest a violation of the Act.

As to Rite Aid's contention that it did not violate the Act because its state court lawsuits are not preempted to the extent they seek to enjoin non-protected activity of striking employees, petitioner persuasively points out that the two state court judges who have considered this issue have both found insufficient evidence of employee misconduct to warrant exercising jurisdiction over Rite Aid's state court injunction actions on the basis of wrongful conduct. In withdrawing its preliminary injunction against Rite Aid employees, Lake County Judge Collins held: "There has been no significant evidence of violence or disruptive picketing or use of intimidating or harassing conduct against citizens or Rite Aid customers that would justify retaining jurisdiction. Since the filing of the preliminary injunction, the picketing and handbilling of Rite Aid's Painesville store has been peaceful." (Resp. Exh. 9.) Similarly, in dismissing Rite Aid's suit in Lorain County, Judge Zaleski stated:

> Rite Aid can cite only one instance on March 15, 2011 of a driver startled by a picketer and an unspecified number of complaints about harassment at their front doors. Absent [a] pattern of violence or intimidation, the Supreme Court has refused to enjoin peaceful picketing. *E.g., United Mine Workers of America v. Gibbs* (1966), 383 U.S. 715, 730; *Cafeteria Employees Union, Local 302 v. Angelos*, (1943) 320 U.S. 293, 296; *Youngdahl*, 355 U.S. at 138. In the view of this Court, Rite Aid has failed to allege violence or such a pervasive pattern of misconduct to amount to a fundamental aspect of the claim that would prevent preemption.

(Resp. Exh. 24.)

Petitioner also persuasively argues in its reply brief that the evidence is insufficient to establish non-preempted employee misconduct at Rite Aid stores in Cuyahoga County.  (*See* Pet. Rep. at 4-6.)[10]  Thus, reasonable cause exists to believe that Rite Aid may have also violated the Act in failing to stay its state court actions against employees after Rite Aid was notified of the NLRB Complaint as required in *Loehmann's Plaza*.

In sum, for all of the reasons discussed above, reasonable cause exists to believe that a violation of the Act has occurred.

In addition, the Court finds that enjoining Rite Aid's state court actions to the extent they pertain to striking employees is also "just and proper."  Sixth Circuit precedent establishes that the proper inquiry is whether the circumstances of the case relate to the possible frustration of the Board's remedial powers.  (This is a different and narrower standard than that applied by the court when reviewing a traditional request for injunctive relief.)

In that the Cuyahoga County lawsuit remains pending, and Rite Aid has appealed the Lorain County Court's dismissal of its action, petitioner's argument is persuasive that there remains a possibility that a state court could enter an injunction order prohibiting conduct ultimately determined by the Board to violate the Act.  Accordingly, allowing Rite Aid to proceed with the pending state court injunction actions runs the risk of frustrating the Board's

---

[10] Even if there is some conflicting evidence as to misconduct, such conflicting evidence would not refute petitioner's theory of liability because there is some evidence to demonstrate that there was no misconduct.  Thus, petitioner's theory of liability is at least substantial and not frivolous.

14

remedial powers to remedy violations of the Act.  Enjoining Rite Aid from pursuing the state court actions against employees pending a final determination by the Board would obviate this risk and is therefore "just and proper."

### Conclusion

For all of the reasons stated above, the Court finds reasonable cause exists to believe than an unfair labor practice has occurred and that injunctive relief under §10(j) of the Act is just and proper.  The Petition is hereby granted insofar as it seeks to enjoin Rite Aid from pursuing its state court lawsuits against employees pending the Board's final disposition of the NLRB Complaint.

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 11/1/11